**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.W. Carlson, | ) No. CV-11-02096-PHX-NVW |
| | ) |
| Plaintiff, | ) **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| Kari Granville, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

Pending before the Court is Plaintiff J.W. Carlson's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), which will be granted. The Court has concluded that Plaintiff' Complaint (Doc. 1) should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons set forth below, Plaintiff's complaint will be dismissed with leave to file an amended complaint by November 18, 2011.

**I.     Legal Standards**

**A.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to *in forma pauperis* cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners

can file proceedings *in forma pauperis*, section 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an *in forma pauperis* complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Finally, Rule 8 of the Federal Rules of Civil Procedure governs whether the complaint has sufficiently stated a claim upon which relief may be granted.

**B.     Rule 8**, **Federal Rules of Civil Procedure**

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). It must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must be stated in a separate count. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864

1  F.2d 635, 640 (9th Cir. 1988).

2      "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  In

3  order to assist litigants to understand this requirement, Rule 84 of the Federal Rules of Civil

4  Procedure provides samples in an Appendix of Forms, which "illustrate the simplicity and

5  brevity that the[] rules contemplate."  Fed. R. Civ. P. 84; *see also McHenry v. Renne*, 84 F.3d

6  1172, 1177 (9th Cir. 1996).  An example is Form 11 (Complaint for Negligence):

7      1.  (Statement of Jurisdiction - See Form 7).

8      2.  On *date*, at *place*, the defendant negligently drove a motor vehicle against
        the plaintiff.

9

10     3.  As a result, the plaintiff was physically injured, lost wages or income,
        suffered physical and mental pain, and incurred medical expenses of $____.
        Therefore, the plaintiff demands judgment against the defendant for $____,

11     plus costs.

12  A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level."

13  *Twombly*, 127 S. Ct. at 1965.

14  **II.   Analysis**

15      **A.   Plaintiff's Complaint**

16     Plaintiff's Complaint (Doc. 1) does not satisfy the federal pleading requirements

17  because it fails to provide a "short and plain statement" of any claim.  While Plaintiff lists

18  a number of alleged constitutional violations, stating generally that "officers violated my

19  civil/constitutional rights," (*id.*),  he has not pled any factual allegations detailing which

20  officers took which actions against him.  Vague assertions that "officers" used "excessive

21  force" or conducted an "illegal stop and seizure, search, and wrongful arrest" are

22  insufficient to explain how each Defendant allegedly violated Plaintiff's rights in order to

23  put each Defendant on notice of the claims against it.  It is not enough to simply list

24  various causes of action; rather, Plaintiff must include facts showing how Defendants'

25  actions constitute a violation of his rights.  For these reasons, Plaintiff's complaint will be

26  dismissed without prejudice to filing an amended complaint.

27      **B.   Leave to Amend**

28     If a defective complaint can be cured, the plaintiff is entitled to amend the

1  complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127-30. Therefore,

2  Plaintiff will be given an opportunity, if he so chooses, to amend his complaint to make

3  clear his allegations in short, plain statements with each claim for relief identified in

4  separate sections. In the amended complaint, each claim of an alleged violation must be

5  set forth in a separate count and the factual allegations must be separately numbered.

6  Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a)

7  and (d)(1) of the Federal Rules of Civil Procedure.

8        Plaintiff is warned that if he elects to file an amended complaint and if he fails to

9  comply with the Court's instructions explained in this order, the action will be dismissed

10  pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil

11  Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix,

12  argumentative, and redundant amended complaint that did not comply with Rule 8(a));

13  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming

14  dismissal of amended complaint that was "equally as verbose, confusing, and conclusory

15  as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming

16  dismissal without leave to amend second complaint that was "so verbose, confused and

17  redundant that its true substance, if any, [was] well disguised").

18      IT IS THEREFORE ORDERED that Plaintiff J.W. Carlson's Application to

19  Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is granted.

20       IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with

21  leave to file an amended complaint by November 18, 2011. If Plaintiff elects not to file

22  an amended complaint by November 18, 2011, the Clerk shall dismiss this action without

23  further order of this Court.

24  ///

25  ///

26  ///

27  ///

28  ///

1    IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint,

2  the complaint may not be served until and unless the Court screens the amended

3  complaint pursuant to 18 U.S.C. § 1915(e)(2).  If and when Plaintiff is given leave to

4  serve an amended Complaint, Plaintiff shall be responsible for service by waiver of the

5  summons and complaint.

6    DATED this 27th day of October, 2011.

7

8    _____
        Neil V. Wake
9       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28